Thank you. May it please the court. My name is Daniel Drake. I'm a lawyer from Phoenix, Arizona, and I'm here representing Rayford Terrell. Before I begin, I'd like to preserve two minutes for a rebuttal. On the way to the airport yesterday, I was riding with my neighbor, and he asked me what the case was about. And I told him that the district judge didn't follow the rules in this case. He didn't make the proper analysis and concluded that my client qualified for an Armed Career Criminal Act sentence because he had three prior violent felonies. My neighbor responded that, whoa, he said, that sounds like a pretty bad dude. Heck, with a rule on it, they just put him away as long as they can. Well, the problem is, lawyers and judges follow rules. And lawyers and judges don't intuit. They reason, they apply reason to facts, and they make that reasoning clear on the record. So this Court, in reviewing what has occurred, can determine whether the Court has appropriately considered the proper law, the proper factors, and exercised its discretion. Well, let's get down to brass tacks here. The two prior convictions for burglary in Missouri and Arizona, why are those not violent felonies under the residual clause as creating a risk of serious physical harm to others? Well, the reason is, first of all, as a matter of law, I suggest to you they are not. As a matter of fact, in this case, the judge didn't make that determination. The judge did not analyze whether these were purposeful, whether they were violent, or whether they were aggressive. But aren't those matters categorically determined? The Arizona statement and Missouri statement of the confluence of burglary does not map item for item with the generic definition, which is why we can't do the Taylor categorical here. But once we get to the residual clause, it should be a very easy step to say that burglary is very much like, among other things, burglary, right? Burglary is enumerated in the — it just doesn't quite map. But once we get to the residual clause, we're going to have a hard time concluding, aren't we, that burglary is not like burglary? Well, the issue is you can't simply look at the offense. You have to look at the risk that is posed by the offense or that arises from the offense. For example, if the risk were this issue of confrontation, what has sometimes been referred to as dangerousness at apprehension or discovery, if — Isn't that always true in a residential burglary, where someone enters a home with the — alleged in these cases, why doesn't that always carry the risk of harm that is specified in the statute? It may carry a risk of harm, but the issue is, is it the same in kind and degree? The residual clause and the statute itself was not meant to sweep in all crimes. It was not meant to sweep in any crime that has a risk of dangerousness. It was limited. And the — and that's exactly what the Court said in — But burglary — these burglaries would be covered if the statutes didn't include things like cars and boats. So if the statute had simply not — had a different statute for cars and boats, we wouldn't even look at whether it's dangerous. It would automatically qualify under the Armed Career Criminal Act. So once we know that it actually is a residential burglary, which we do know in these cases, it's not a car and it's not a boat, why isn't that sort of the end of the discussion? I disagree with the judge on the issue that we know it was a residence. What we know is that the statute tracked the language — I'm sorry, the charging documents and the conviction documents track the language of the statute. And the language — Well, we know — we know that — I'm looking at the Arizona burglary indictment just for an example. Charges your client with the intent to commit a theft or felony therein entered or remained unlawfully in the residential structure of Laura X — I'll leave out her name — located at a certain address. That's a home. That's a residential burglary. What we know from that is that it was close enough to the street to have an address, to have a number. We don't necessarily know that it was a home. Arizona statutes have permitted burglaries in situations, for example, when it is a burglary of a workroom, a laundry room, if I recall it correctly, that happened to be connected by a roof to the actual residence. The residence is over here, and this is the laundry room. And the Arizona court held that was a burglary. The point I'm making is that the burglary differs in risk when you take away the fact that it is — or that there is inadequate proof of it being a residence. Because the statute includes these other items, and because the statute defines them within the term residence, you can't jump from the charging document and say, well, necessarily it is what I think of when I think of residence. It's not a boat. It's not movable. All right? And under those reasons, because those kinds of burglaries would include different risks and different kinds of risks, that's why I think you can't jump to the conclusion, as this court did, that it necessarily fits. Do you want to say anything before your time runs out about the sexual assault under Arizona law? Right. Under Arizona sexual assault statutes, it can be committed without consent. And all that means is, for example, in one situation, a chiropractor who happened to fondle one of his patients during an examination committed sexual assault. There was no violence. There was no aggressive conduct, if you will, as you might typically think of it. And this Court in Christensen correctly dealt with that and said, under those circumstances, because it could be consensual, it doesn't contain the same risk of harm. It's not the same as the generic. But this is not — this is not statutory rape. This is sexual assault, correct? This is sexual assault, which includes within it statutory rape. In essence, it says, as long as it's done without consent. And it permits the consent to be because the individual is under the age of consent. So under those circumstances, my point is that the district judge did not adequately explain his rationale. We're not dealing with a situation where we have a good record where this analysis is laid out for us. And I think as a matter of law, these statutes do not permit the construction the Court gave them. I would also like to reserve, without further argument, the argument about the Sixth Amendment right to a jury trial determination. Certainly. Nothing is waived even if we don't get around to it in argument. Thank you. Thank you. Nothing that's raised in the briefs, I should say, is waived. We'll hear from the government. May it please the Court. My name is Carla Hodes DeLore, and I'm representing the government in this matter. The district court did not err in finding that the defendant's prior convictions were violent felonies under the Armed Career Criminal Act. And I'll start with his prior convictions for burglary, since that's what the Court addressed first. I'm more concerned, actually, if you don't mind, with the sexual assault conviction. Okay. Because the statute does seem to be extremely broad here. So would you walk me through the reasons why that is a qualifying felony? Okay. The – I'd first like to make a comment on – I disagree with opposing counsel that Arizona's sexual assault statute encompasses statutory rape. The statute, as I read it with the elements, does not talk about having lack of consent because the victim is under the age – is a minor. The sexual assault conviction, defendant's sexual assault conviction, qualifies as a violent felony under the residual clause because it presents a serious potential risk of physical injury to another, and it typically involves purposeful, violent, and aggressive behavior. And although the statute – the statute itself says that it – you commit sexual assault by intentionally or knowingly engaged in sexual intercourse or oral sexual contact with any person without consent, it then goes and gives a definition of what without consent entails. Well, it includes, among other things, that the victim is incapable of consent. And it doesn't list age, but it does list – well, it lists conditions more than age. So would it be your view that this is not just a statutory – that statutory rape would not be included within this? Correct. And that's one significant difference between the cases that defense counsel relies on, the cases that we rely on here. The – there's serious potential risk involved, because if the victim realizes that the perpetrator is not her husband or all of a sudden comes out of the stupor – a stupor, let's say, of drugs or alcohol or sleep, whatever, and realizes what's going on, there's the risk of injury occurring and violence occurring, either the perpetrator trying to complete his act or the victim trying to get away. But there still is that inherent risk of – serious potential risk of injury occurring. Does Arizona still have a statutory rape statute? Correct, yes. It does. Okay. And how do we know that statutory rape would not be included within the sexual assault statute? I don't have the statutory rape statute in front of me, so I can't quote the language of it. But I believe it's a separate statute set out with its elements. But just according to what without consent entails, it's not – age is not listed here. So I believe that that would be under the Arizona statutory rape statute. I just don't have that in front of me. I apologize. But the – in the – the important thing is that you don't – not every factual scenario that's covered under the statute has to involve the serious potential risk of physical injury to another. It's just whether it's in the typical case. And in the typical case, you do have that. Sexual assault is inherently violent. It's similar to the other enumerated crimes in that it involves similar intentional conduct with the risk of harm to others. And as this Court held in United States v. Riley, in that case it was analyzing the attempted simple rape statute under Louisiana law. And the Court in that case said, no matter how we find that that offense is committed under Louisiana law, every time there's a rape or an attempted rape, some contact with the victim is achieved. And the Court held that the close proximity and the nature of the offense created an atmosphere that fostered potential for physical conduct – confrontation. And that is the exact situation here. So it does satisfy the residual clause in that it has the potential risk of injury to another and it is – it does involve purposeful, violent, and aggressive conduct. Regarding the defendant's prior convictions for his burglary, that, too, falls under the residual clause. The Court did not err in that finding that it was a violent felony under the residual clause of the Armed Career Criminal Act. As Judge Bybee mentioned, the Arizona Second Degree Burglary Statute is very similar to the generic burglary statute. Well, one thing – one thing that's different, it doesn't require an unlawful entry, right? That's correct. To me, that would, you know, cover a whole category of cases that would make him unlike, I'll call it, regular burglary. In other words, you know, where the risk you run in regular burglary is not present because of the, you know, consensus to entry. There still is the risk. Although the – under Arizona Second Degree – What is the risk? The risk is, let's say a person lawfully comes into a house and then once inside the house forms the intent to commit a crime and starts committing the crime. At that point, when the person's discovered committing the crime or committing the felony, if there's someone either in the house and sees it, there could be physical confrontation to have the person stop it or if someone comes into the house or interrupts him while he's doing this, there's still that risk. So just the fact that he might have had permission to enter lawfully doesn't change the fact that there's still that inherent risk that arises once the intent to commit his crime is known. So it's just – it's such a razor-thin distinction between the generic burglary definition, and that's on its face the Arizona statute meets the generic burglary statute except for the fact that Arizona courts have interpreted it to cover instances where a person enters lawfully. But once the intent changes and they decide to commit the crime or the felony they're in, that's when the risk arises, and that's the same risk as regular burglary. And it still involves the same type of conduct and risk as the enumerated crimes as burglary is one of the enumerated crimes. Well, for instance, I assume Arizona, the Arizona statute would cover what would otherwise, say, be considered shoplifting. Right? Correct. Well, the Arizona statute, it says entrain a remaining unlawfully in a residential structure. So shoplifting wouldn't be considered under that, because you have to have the residential structure. Well, that kind of, you know, that kind of, I'll call it, surreptitious theft from, you know, somebody's home. Because, you know, a person, say, who's permitted to come into your house is probably somebody you know. Maybe. Maybe not. Say, you know, a neighborhood's, you know, child of somebody. But, I mean, somebody, it's usually, I would, well, I don't say usually. I assume a lot of instances where there's consent to entry is because you know the person you allow to come in, and then that person say, you know, sees something and decides to put it in his pocket or under her shirt or whatever it is, converting it into a burglary. That doesn't have the same risk as, you know, a stranger breaking into your house, does it? Well, it still has the risk in that. I mean, it is different in the fact that you might know the person. But the fact is there's two important parts. Once the person realizes someone is stealing from them, that could escalate into a situation that leads to physical injury. And the second important part that's key is that the ---- Well, it's not could, though. The question is, you know, ordinarily would it, right? Well, exactly. That's the thing. In the typical case, and that's what it's important to look at. I don't think in the typical case necessarily would if it's somebody you know. But ---- You would say, you know, what are you doing there, stealing my stuff? What I'm saying is you have to look at the statute as a whole and the elements. And as in the typical case of second-degree burglary, I think the typical case is going to be more that you have an unlawful entry rather than a lawful entry. And not every factual ---- No, wait a minute. You're shifting ground, because we're looking at, you know, a lawful entry. And the question is, in the typical entry of a lawful ---- typical case of a lawful entry, does it have the same risks as generic burglary? It still has ---- Isn't that the question? Well, under the Arizona second-degree burglary statute, the entry can be either lawful or unlawful. It's not just confined to lawful. And as this Court has repeatedly held, not every factual scenario under the statute has to present the serious potential risk of physical entry. It's just in the typical case. And in the typical case of second-degree burglary, you're going to have the risk of potential injury when the perpetrator is discovered. I see that I'm over my time. You are. Thank you, counsel. Mr. Drake, you have reserved a little bit of time. Judge, you asked about the definition under sexual assault. I believe that that is contained in ARS 13-1401, subparagraph 5. And I believe there it speaks of age. The other ---- Whoa, whoa, whoa. Stop. 13-1401, sub 5, I see nothing about age. I'm looking at the 1998 version, which seems to be current. 13-1401 is definition, sub 5, without consent. I do not see age. And while you're thinking about that, there was an even older case under the prior version from the Arizona Court of Appeals stating that the government normally has to prove more than minority of the person to establish lack of consent. What are you ---- where are you showing age here? Forgive me, Your Honor, I don't have that particular statute in front of me right now, as you do. Well, I'll read it to you. 13-1401, 5, without consent, includes any of the following. A, the victim is coerced by the immediate use or threatened use of force against person or property. B, the victim is incapable of consent by reason of mental disorder, mental defect, drugs, alcohol, sleep, or any similar impairment of cognition. And such condition is known or should have reasonably been known to the defendant and it talks about the meaning of mental defect. C, the victim is intentionally deceived as to the nature of the act. And D, the victim is intentionally deceived to erroneously believe that the person is the victim's spouse. That's the end. There's nothing about age in it. Okay. I stand corrected. My belief was at the time that there was something in there and I'm going to have to revisit that issue. Plus, plus, you know, 13-1405 specifically, right, criminalizes sexual conduct with a minor under 15 years of age, Class II felony. It's a separate statute. I guess there is a question because I'm looking at the most recent version and the conviction here was before this most recent version was passed. So maybe I need to go back and look at the version at the time. But do you have, as you stand there, a recollection whether the version in effect in, I believe it was 1991, the time of the plea here, was the same or different? I thought it did. All right. And that was the basis for my assertion. So if we're limited to the modified categorical approach, what does that do to us in this situation? Well, the modified categorical approach would permit the statute to be narrowed to avoid the issue of consent based upon the charging documents. And my recollection is that the charging documents in this case track the language of the statute rather than deal with the specific circumstances of whether there was or was not consent. Now, the Court asked some questions about burglary and burglary of these other residents and things of that sort. I want to recall for the Court the words of the Supreme Court in Begay, I'm sorry, in the chambers it was, I believe, when the Court talked about the difference between breaking into a building and the fact that it differed so significantly from breaking into a vehicle that for the Armed Career Criminal Act purposes, the Court must treat them as two different crimes. And so I would suggest that the fact that the statute sweeps in more areas as far as the burglaries are concerned, that the charging documents didn't narrow it, if you apply that to the modified categorical approach and then look at the residual clause, we still don't have a crime that necessarily includes the same degree and kind of risk as encompassed in the generic burglary. I think we understand your position, and because of our questions, you have exceeded your time. Thank you, counsel. We appreciate the arguments that both of you have presented today. The case just argued is submitted.
judges: Tashima, Graber, Bybee